**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CASIO COMPUTER CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> THE INDIVIDUAL, CORPORATION, LIMITED LIABILITY COMPANY, PARTNERSHIP AND UNINCORPORATED ASSOCIATION IDENTIFIED ON SCHEDULE A HERETO, <br><br> Defendant. | Case No. 25-cv-14340 <br><br> Judge Thomas M. Durkin |

**DEFAULT FINAL JUDGMENT ORDER**

This action having been commenced by Plaintiff CASIO COMPUTER CO., LTD ("Plaintiff") against the defendant identified on Schedule A, and using the Defendant Domain Name and Online Marketplace Account identified on Schedule A (the "Defendant Internet Store"), and Plaintiff having moved for entry of Default and Default Judgment against the defendant identified on Schedule A attached hereto which have not yet been dismissed from this case ("Defaulting Defendant");

This Court having entered a preliminary injunction; Plaintiff having properly completed service of process on Defaulting Defendant, the combination of providing notice via electronic publication and e-mail, along with any notice that Defaulting Defendant received from domain name registrars and payment processors, being notice reasonably calculated under all circumstances to apprise Defaulting Defendant of the pendency of the action and affording it the opportunity to answer and present its objections; and

Defaulting Defendant has neither answered nor appeared in any way, and the time for answering having expired, so that the allegations of the Complaint are uncontroverted and are deemed admitted;

This Court finds that it has personal jurisdiction over Defaulting Defendant because Defaulting Defendant directly targets its business activities toward consumers in the United States, including Illinois. Specifically, Plaintiff has provided a basis to conclude that Defaulting Defendant has targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more seller aliases, offers shipping to the United States, including Illinois, and has sold products using infringing and counterfeit versions of Plaintiff's federally registered trademark (the "CASIO Trademark") to residents of Illinois. In this case, Plaintiff has presented screenshot evidence that Defendant's e-commerce store is reaching out to do business with Illinois residents by operating one or more commercial, interactive internet stores through which Illinois residents can and do purchase products using counterfeit versions of the CASIO Trademark. *See* Docket No. 25, which includes screenshot evidence confirming that Defendant's e-commerce store does stand ready, willing and able to ship its counterfeit goods to customers in Illinois bearing infringing and/or counterfeit versions of the CASIO Trademark.

A list of the CASIO Trademark is included in the below chart.

| Registration Number | Registered Trademark | International Classes |
|---|---|---|
| 6,027,964 | "PROTECTION" | 9 and 14 |

This Court further finds that Defaulting Defendant is liable for willful federal trademark infringement and counterfeiting (15 U.S.C. § 1114), false designation of origin (15 U.S.C.

§ 1125(a)), and violation of the Illinois Uniform Deceptive Trade Practices Act (815 ILCS § 510 *et seq.*).

Accordingly, this Court orders that Plaintiff's Motion for Entry of Default and Default Judgment is GRANTED as follows, that Defaulting Defendant is deemed in default, and that this Default Judgment is entered against Defaulting Defendant.

This Court further orders that:

1.  Defaulting Defendant, its officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with it be permanently enjoined and restrained from:

    a.  using the CASIO Trademark or any reproductions, counterfeit copies, or colorable imitations in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Plaintiff product or not authorized by Plaintiff to be sold in connection with the CASIO Trademark;

    b.  passing off, inducing, or enabling others to sell or pass off any product as a genuine Plaintiff product or any other product produced by Plaintiff, that is not Plaintiff's or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the CASIO Trademark;

    c.  committing any acts calculated to cause consumers to believe that Defaulting Defendant's products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff; and

    d.  manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or

offered for sale, and which bear any of Plaintiff's trademarks, including the CASIO Trademark, or any reproductions, counterfeit copies or colorable imitations.

2. The domain name registries for the Defendant Domain Names, including, but not limited to, VeriSign, Inc., Neustar, Inc., Afilias Limited, CentralNic, Nominet, and the Public Interest Registry, and the domain name registrars, including, but not limited to, GoDaddy Operating Company LLC, Name.com, PDR LTD. d/b/a/ PublicDomainRegistry.com, and Namecheap Inc., within seven (7) calendar days of receipt of this Order, shall, at Plaintiff's choosing:

   a. transfer the Defendant Domain Name to Plaintiff's control, including unlocking and changing the registrar of record for the Defendant Domain Name to a registrar of Plaintiff's selection, and the domain name registrars shall take any steps necessary to transfer the Defendant Domain Name to a registrar of Plaintiff's selection; or

   b. disable the Defendant Domain Name and make it inactive and untransferable.

3. Defaulting Defendant and any third party with actual notice of this Order who is providing services for the Defaulting Defendant, or in connection with the Defaulting Defendant's Online Marketplace, including, without limitation, any online marketplace platforms such as Alibaba Group Holding Ltd. ("Alibaba") and Alipay (collectively, the "Third Party Providers"), shall within seven (7) calendar days of receipt of this Order cease:

   a. using, linking to, transferring, selling, exercising control over, or otherwise owning the Online Marketplace Account, or any other online marketplace account that is being used to sell or is the means by which Defaulting Defendant could continue to sell counterfeit and infringing goods using the CASIO Trademark; and

4

b. operating and/or hosting websites that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product bearing the CASIO Trademark or any reproductions, counterfeit copies or colorable imitations thereof that is not a genuine Plaintiff product or not authorized by Plaintiff to be sold in connection with the CASIO Trademark.

4. Upon Plaintiff's request, those with notice of this Order, including the Third Party Providers as defined in Paragraph 4, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defaulting Defendant in connection with the sale of counterfeit and infringing goods using the CASIO Trademark.

5. Pursuant to 15 U.S.C. § 1117(c)(2), Plaintiff is awarded statutory damages from the Defaulting Defendant in the amount of one hundred thousand ($100,000) for willful use of counterfeit CASIO Trademark on products sold through at least the Defendant Internet Store. This award shall apply to the Defaulting Defendant only once, even if it is listed under multiple different aliases in the Complaint and Schedule A.

6. Any Third Party Providers holding funds for Defaulting Defendant, including Alipay and Alibaba, shall, within seven (7) calendar days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendant or the Defendant Internet Store from transferring or disposing of any funds (up to the statutory damages awarded in Paragraph 6 above) or other of Defaulting Defendant's assets.

7. All monies (up to the amount of the statutory damages awarded in Paragraph 6 above) currently restrained in Defaulting Defendant's financial accounts, including monies held by Third Party Providers such as Alipay and Alibaba are hereby released to Plaintiff as

partial payment of the above-identified damages, and Third Party Providers, including, Alipay and Alibaba, are ordered to release to Plaintiff the amounts from Defaulting Defendant's financial accounts within fourteen (14) calendar days of receipt of this Order.

8. Until Plaintiff has recovered full payment of monies owed to it by any Defaulting Defendant, Plaintiff shall have the ongoing authority to commence supplemental proceedings under Federal Rule of Civil Procedure 69.

9. In the event that Plaintiff identifies any additional online marketplace accounts or financial accounts owned by Defaulting Defendant, Plaintiff may send notice of any supplemental proceeding, including a citation to discover assets, to Defaulting Defendant by e-mail at the e-mail addresses identified in Exhibit 2 to the Declaration of Jay Harvey Paragoso and any e-mail addresses provided for Defaulting Defendant by third parties.

10. The one thousand dollar ($1,000) surety bond posted by Plaintiff is hereby released to Plaintiff or its counsel, Hughes Socol Piers Resnick & Dym, Ltd. The Clerk of the Court is directed to return the surety bond (by mail or other means) previously deposited with the Clerk of the Court to Plaintiff or its counsel.

This is a Default Judgment.

Dated: March 4, 2026

Thomas M Durkin

Honorable Thomas M. Durkin
United States District Judge

6

**Schedule A**

| No. | Defendant Name / Alias |
|---|---|
| 54 | Dongguan Coolyep Electronic Technology Co., Ltd. |

| No. | Defendant Online Marketplace |
|---|---|
| 54 | https://coolyep.en.alibaba.com/index.html?from=detail&productId=1600614328409 |